IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DEBBIE V. SALOMON, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-106-KC |
| | § | |
| WELLS FARGO BANK, N.A., and | § | |
| WELLS FARGO BANK | § | |
| | § | |
|    Defendants. | § | |

## ORDER

On this day, the Court considered Defendant's Motion for Reconsideration of Order of Remand ("Def.'s Mot.") (Doc. No. 12). For the reasons set forth herein, the Motion is **DENIED**.

## I.    BACKGROUND

The facts of this case have been more fully set forth in this Court's Order of June 21, 2010 ("June Order") (Doc. No. 11). These facts are incorporated by reference. For present purposes, it is sufficient to note the following:

Plaintiff Debbie Salomon ("Salomon") was employed by Defendant Wells Fargo Bank ("Wells Fargo"). *See* June Order 1-2; *see also* Notice of Removal ¶ 3 (Doc. No. 1). Salomon was fired on May 13, 2009, and sued Wells Fargo in state court on December 21, 2009, alleging employment discrimination. *See* June Order 2. Wells Fargo removed the instant case to this Court on March 16, 2010, citing diversity jurisdiction. *Id.* Neither party contests that there is

complete diversity of citizenship between the parties and that the amount in controversy exceeds the jurisdictional minimum. *Id*. at 3. However, Salomon moved to remand claiming that Wells Fargo's removal was untimely because it was done more than thirty days from the filing of the complaint. *Id.* at 3-5. Wells Fargo responded by arguing that its removal was timely, because the time for removal began only when Salomon provided a discovery response spelling out her damages calculations in some detail. *Id.* Wells Fargo contends that Salomon's complaint did not adequately reveal on its face the amount in controversy, and so should not be deemed to have started the removal clock's countdown. *Id.* After examining conflicting precedents on the question of how to evaluate a complaint which does not contain a specific numerical damages allegation, for the purposes of ascertaining an amount in controversy in diversity jurisdiction cases, the Court agreed with Salomon and ordered the case remanded to state court. *Id.* at 5-13.

On June 30, 2010, Wells Fargo filed a Motion for Reconsideration of Order of Remand re-urging its argument that Salomon was required to specifically allege the damages amount in her initial pleadings if the amount in controversy is to be considered facially apparent, and that she failed to do so, thus rendering Wells Fargo's removal timely. *See generally* Def.'s Mot. On July 1, 2010, Salomon filed a Response to Defendant's Motion for Reconsideration alleging that the court is statutorily barred from reviewing its remand order. Plaintiff's Response ("Pl.'s Resp.") (Doc. No. 13). That same day, Wells Fargo filed a Reply arguing that the court is not barred from reviewing its remand order until it mails a copy of the order to the clerk of the state court. *See* Defendant's Reply ("Def.'s Reply") (Doc. No. 14).

II.     DISCUSSION

A.      Power to Review a Remand Order

The first issue before the Court is whether the Court's remand order is reviewable. Plaintiff contends that any type of judicial review is foreclosed by 28 U.S.C. § 1447(d), which states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  Pl.'s Resp. 2.  Defendant argues that the remand order is reviewable until this Court mails a copy of the remand order to the clerk of the state court. Def.'s Reply 1.  The Court finds Defendant's argument to be correct.  This court retains jurisdiction to review an order to remand until it mails a copy of the order to the clerk of the state court.  *See* 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case."); *Browning v. Navarro*, 743 F.2d 1069, 1078-79 (5th Cir. 1984) ("The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court."); *Bucy v. Nev. Constr. Co.*, 125 F.2d 213, 217 (9th Cir. 1942) (stating that a remand order is executed when it is filed by the clerk of the state court, for the order is not self-executing).  The Court has not yet mailed the order in this case thus, the Court has the power to review its remand order.  *Id*.

B.      Motion for Reconsideration

1.      Standard

Motions for reconsideration are not explicitly provided for by the Federal Rules of Civil Procedure but are often treated as either Rule 59(e) motions to alter or amend judgment, or as

Rule 60(b) motions for relief from a judgment or order. *See, e.g.*, *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)*; Broyles v. Texas*, 643 F. Supp. 2d 894, 897 (S.D. Tex. 2009). The motion is considered a Rule 59(e) motion if filed within ten days of a judgment or order, or a Rule 60(b) motion if filed after ten days. *Broyles*, 643 F. Supp. 2d at 897.

   A motion to reconsider is not intended to be a regular avenue of relief. Indeed, district court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Crouch v. J.C. Penney Corp.*, 564 F. Supp. 2d 636, 640 (E.D. Tex. 2008) (citation omitted). A rule 59(e) motion can only succeed if the movant establishes (1) manifest error; (2) newly discovered evidence that can be used to raise arguments that could not have been raised before the judgment or order was issued; or (3) a change in the pertinent law. *Broyles*, 643 F. Supp. 2d at 897-98. A court can grant a rule 60(b) motion due to (1) mistake or neglect; (2) discovery of new evidence, (3) misconduct of the opposing party; (4) the judgment being void; (5) the judgment being satisfied; or (6) other reasons justifying relief. *See* Fed. R. Civ. P. 60(b); *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007). The elements needed to succeed on a Rule 59(e) or Rule 60(b) motion are not easy to satisfy. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (pertaining to Rule 59(e)); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 2010) (stating that a district court has broad discretion in deciding a rule 59(e) motion but reconsideration of a judgment is an unusual remedy and such motions are normally denied); *Teal v. Eagle Fleet, Inc*., 933 F.2d 341, 347

(5th Cir. 1991) (pertaining to Rule 60(b)); 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER &

MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2857 (2d ed. 2010) (stating that a

district court may impose additional requirements on rule 60(b) motions in order to encourage

finality of judgment).  The standard of review depends upon how many days after a final order

or judgment a motion for reconsideration is filed.  *Broyles*, 643 F. Supp. 2d at 897.

> 2.     **Analysis**

In the instant case, the motion for reconsideration was filed eight days after the order to

remand was entered, thus rendering it a Rule 59(e) motion to alter or amend judgment.  *Broyles*,

643 F. Supp. 2d at 897.  In its motion for reconsideration, Wells Fargo does not allege the

existence of newly discovered evidence or a change in the pertinent law.  *See generally* Def.'s

Mot.  Thus, even though not specifically asserted by Wells Fargo in its motion for

reconsideration, the Court turns its attention to the remaining question of manifest error.  *See*

*Broyles*, 643 F. Supp. 2d at 897-98; *Iniekpo v. Avstar Int'l Corp.*, No. SA-07-CV-879-XR, 2010

WL 1190810, at *2 (W.D. Tex. Mar. 25, 2010) (reconsidering an order based on a need to

correct manifest error, even though movant failed to state this explicitly as a basis for his

motion).

Wells Fargo argues that, "as a policy matter, it may be more appropriate to apply the

'bright line' standard when determining the amount in controversy, rather than a 'facially

apparent' standard," in order to promote judicial efficiency and conserve judicial resources.

Def.'s Mot. ¶ 4.  The "facially apparent" standard  refers to the instance in which a court finds

that even though an initial pleading does not specifically list damages in excess of $75,000, there was enough detail to put defendant on notice that the case was removable and the thirty day removal period applies. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002). The "bright line"standard refers to the instance where the thirty day removal period is only triggered when damages are specifically listed at more than $75,000. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). Wells Fargo reasons that the "facially apparent" standard encourages unnecessary removals to federal court, while the "bright line" standard decreases the overall amount of removals and remands, because it requires that damage amounts be explicitly set forth for the amount in controversy requirement to be satisfied. Def.'s Mot. ¶ 4. Wells Fargo cites no new law or precedent in support of this proposition. *Id*. It asks the Court to reconsider the remand order, and use the "bright line" standard instead of the "facially apparent" standard, simply for policy reasons. *Id.* ¶ 5.

But, movant readily admits that, "[i]n its [Remand] Order, this Court carefully and thoughtfully addressed the removal conundrum faced by defendants in diversity jurisdiction cases that arises from the fact that Texas procedure does not require a plaintiff to specify the amount of damages unless ordered to do so." Def.'s Mot. ¶ 1. This Court also notes in its June Order that there is a split in opinion and that it chose the "facially apparent" standard after deliberation, because it is the standard which most district courts in the Fifth Circuit apply. *See* June Order 7. As this Court has considered the controlling law within the circuit and has made a reasoned judgment based on this law, there exists no manifest error and this Court will not reconsider its remand order. *See* BLACK'S LAW DICTIONARY 622 (9th ed. 2009) (defining

-6-

manifest error as "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record"); *see also Crouch*, 564 F. Supp. 2d at 640 ("A motion for reconsideration is not the proper vehicle to raise arguments that should have been raised before the entry of judgment or to re-urge arguments initially decided against the movant.")

## III.    CONCLUSION

Wells Fargo has not shown that the Court committed a manifest error in deciding its remand order.  Therefore, the Court will not reconsider its June Order.  Accordingly, Defendant's Motion for Reconsideration is hereby **DENIED.**

**SO ORDERED.**

**SIGNED** on this 22nd  day of July, 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE